# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JESUS LARIOS,<br><br>             Plaintiff(s),<br><br>      vs.<br><br>GAUDIN FORD PORSCHE,<br>JOHN HIUS, and TONY CASTILLO,<br><br>             Defendant(s). | Case No. 2:10-cv-0158-RLH-PAL<br><br>**O R D E R**<br>(Motion to Dismiss–#11) |

Before the Court is Defendants Tony Castillo and John Hughes' (named in the complaint as "Hius") **Motion to Dismiss** (#11, filed May 24, 2010). No opposition has been filed.

The motion is based upon the fact that the Complaint cites 42 U.S.C. §1983 as the basis for its claims, and the moving Defendants are, or were, employees of Gaudin Ford, a car dealership. Therefore, they did not act under color of law.

The Complaint's actual claims speak in terms of Title VII claims. However, neither of the moving Defendants is Plaintiff's employer either, therefore no claim for discrimination will lie against them either.

Furthermore, Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capitol, Inc.* 718 F.Supp. 828, 831 (D. Nev. 1989). It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law. *United States v. Hvass*, 355 U.S. 570, 574-575 (1958); *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th

1   Cir. 1995).  The United States Supreme Court itself has upheld the dismissal of a matter for failure
2   to respond under the local court rules.  *Black Unity League of Kentucky v. Miller*, 394 U.S. 100, 89
3   S. Ct. 766 (1969).
4       IT IS THEREFORE ORDERED that Defendants Tony Castillo and John Hughes'
5   (named in the complaint as "Hius") **Motion to Dismiss** (#11) is granted and the case is dismissed as
6   to them.
7       Dated: June 28, 2010.

_____
**Roger L. Hunt**
**Chief United States District Judge**

2